# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Evanston Insurance Company,**
**Plaintiff Below, Petitioner**

**FILED**

March 29, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-0208** (Logan County 11-C-49)

**Powell Construction Co., Inc.**
**Defendant Below, Respondent**


# MEMORANDUM DECISION

Petitioner Evanston Insurance Company ("Evanston"), by counsel Alonzo D. Washington and Lindsey M. Saad, appeals the Circuit Court of Logan County's order granting respondent's motion to dismiss entered on January 18, 2012. Respondent Powell Construction Co., Inc. ("Powell"), by counsel Carol P. Smith, has filed its response. Petitioner has filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner's underlying claim is a subrogation claim arising out of the Aracoma Hotel fire. Petitioner alleged that Robert Harris, while employed by respondent and while a guest at Aracoma Hotel, dropped a cigarette in his room during the evening of November 15, 2010, starting the fire. At the time, Harris, a Kentucky resident, was working on a project in Logan, West Virginia, as an employee for respondent and was required to spend the night in Logan.

The owner of Aracoma Hotel, GN Hillside Corporation, had a policy of insurance with Petitioner Evanston, which insured the Aracoma Hotel. Petitioner has paid more than one million dollars for the damages caused by the fire. Petitioner filed this complaint on February 24, 2011, asserting a claim for respondeat superior against respondent. Respondent then moved to dismiss the complaint pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. Petitioner filed a response and discovery progressed. On August 31, 2011, petitioner filed an amended complaint asserting claims for relief under the theories of respondeat superior and negligent hiring. Petitioner alleged that Harris had "certain propensities" that made it foreseeable that he posed a threat of injury to others' person or property based on his prior criminal record and his history as a recovering alcoholic and addict. Respondent then filed a motion to dismiss the amended complaint, petitioner responded, and respondent replied to the response. A hearing was held, and pursuant to the circuit court's request, both parties submitted proposed orders.

1

On January 18, 2012, the circuit court entered an order granting respondent's motion to dismiss. The circuit court found that in order for respondent to be liable for Harris's actions, Harris had to be an agent of respondent at the time of the tort and the tort had to be committed within the scope of his employment. The court found that Harris was an employee of respondent, but "a construction worker's act of smoking a cigarette in a hotel room at 7:00 pm on a day when he did not go to work" is not within the scope of his employment. Therefore, the respondeat superior claim was dismissed. As to the negligent hiring claim, the circuit court found that Harris was hired as a construction laborer, which is unrelated to the cause of the fire. Moreover, the circuit court found that Harris's reported history of alcoholism, addiction, and criminal behavior did not cause the fire, nor does the amended complaint so allege. Finally, the court found that Harris's background did not make the hotel fire a likely result that respondent should have anticipated.

On appeal, petitioner argues several errors. First, it argues that its stated claims were sufficient to withstand a motion to dismiss and thus the circuit court erred in granting Powell's motion to dismiss. Petitioner relies on Rule 8 of the West Virginia Rules of Civil Procedure, and notes that this is a notice pleading jurisdiction. Second, it argues that the circuit court erred in finding that it failed to state facts to support its claim of respondeat superior. Petitioner argues that Harris was within the scope of his employment when the fire began because he was required to remain in Logan, West Virginia, as a condition of his employment. Third, petitioner argues that the circuit court erred in finding it failed to state a claim of negligent hiring that would entitle it to relief. Specifically, petitioner argues that in this case, respondent did nothing to investigate Harris's background to determine his fitness for the job and that if it had, respondent would have known that Harris had the propensity to cause harm to others based on his criminal history and his history as an addict and alcoholic.

Respondent Powell argues in favor of the circuit court's dismissal, noting that Harris was not acting within the scope of his employment while smoking a cigarette in a hotel room. Respondent also argues that Harris was not at work and was at a place of his own choosing at the time of the fire. Respondent argues that the proper test is whether Harris was fit to work as a construction laborer and whether respondent could foresee Harris dropping a cigarette after work hours which would result in a fire. Respondent further states that Harris's reported history of alcoholism, addiction, or criminal behavior did not cause the fire, nor did petitioner allege that the fire was caused by any of these things in the complaint.

This Court has previously held that "'[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*.' Syl. pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick*, 194 W.Va. 770, 461 S.E.2d 516 (1995)." Syl. Pt. 1, *Posey v. City of Buckhannon*, 228 W.Va. 612, 723 S.E.2d 842 (2012). Our review of the record reflects no error on behalf of the circuit court. Having reviewed the circuit court's "Order" entered on January 18, 2012, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to these three assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

Finally, petitioner argues that the circuit court erred when it entered an order granting respondent's motion to dismiss plaintiff's amended complaint and the order lists facts not included in the amended complaint, which is contrary to the notice pleading standard espoused

under Rule 8 of the West Virginia Rules of Civil Procedure that only requires the plaintiff to assert a short and plain statement of the claim showing the plaintiff is entitled to relief. The only example petitioner gives is the statement that "the Amended Complaint does not allege [respondent] required, directed or requested Mr. Harris to stay at the Aracoma Hotel." In response, Powell argues that this assignment of error is meritless. Respondent states that the circuit court accepted all of the facts in the complaint as true and used petitioner's assertions to draw logical conclusions such as the fire did not happen at the worksite since it happened at a hotel, and the fire occurred after working hours since it occurred at 7:00 p.m. This Court agrees. Although Rule 8 requires only a short and plain statement of the claim showing that petitioner is entitled to relief, this Court has stated as follows:

> "The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)." Syllabus Point 3, *Chapman v. Kane Transfer Co. Inc.,* 160 W.Va. 530, 236 S.E.2d 207 (1977). "Dismissal for failure to state a claim is proper 'where it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Murphy v. Smallridge*, 196 W.Va. 35, 37, 468 S.E.2d 167, 168 (1996).

*Mey v. Pep Boys-Manny, Moe & Jack,* 228 W.Va. 48, 52, 717 S.E.2d 235, 239 (2011). This Court finds no error in the circuit court's dismissal of this action pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 29, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA

EVANSTON INSURANCE COMPANY,
An Illinois Corporation, as subrogee
Of GN Hillside Corporation, a West
Virginia Corporation

              Plaintiff,

v.

                                       CIVIL ACTION NO. 11-C-49
                                       Judge Perry

POWELL CONSTRUCTION CO., INC.
3622 Bristol Highway
Johnson City, Tennessee 37601

              Defendant.

## ORDER

On November 21, 2011 the Plaintiff, by counsel Alonzo Washington, and the Defendant,

Powell Construction Co. Inc. ("Powell"), by counsel H.F. Salsbery and Carol Smith, appeared

for a properly noticed hearing on Powell's Motion to Dismiss Plaintiff's Amended Complaint.

After hearing arguments of counsel, reviewing the motions, and for good cause shown, the Court

finds as follows:

I.    **Findings of Fact and Conclusions of Law.**

**Background**

This is a subrogation claim brought by Evanston Insurance Company. Evanston

Insurance Company seeks to recover damages from Powell, the alleged employer of Robert

Harris (now deceased), a hotel guest who allegedly dropped a cigarette in his room at the

Aracoma Hotel on the evening of November 15, 2010, resulting in the November 15, 2010

Aracoma Hotel fire.

Plaintiff's Amended Complaint alleges Robert Harris was employed by Powell Construction and that, while assigned to a project, he was staying overnight in Logan County. [Amended Complaint, ¶ 6, 12.] Plaintiff's Amended Complaint alleges that at approximately 7:00 p.m. on November 15, 2010, Mr. Harris dropped a cigarette on the floor of the hotel room in which he was staying. The cigarette started a fire which resulted in total damage to the Aracoma Hotel. [*Id.* at ¶ 19, 21, 22.] Plaintiff's Amended Complaint makes clear the fire was started after the work day, away from the job site, and not while Mr. Harris was at work.

Plaintiff's Amended Complaint further alleges that: a) Mr. Harris was a recovering alcoholic and addict; b) Mr. Harris had a criminal record prior to starting work; and, c) Powell did nothing to investigate Mr. Harris's background to determine his fitness for the job. [*Id.* at ¶ 8, 9, 10.] Finally, Plaintiff's Amended Complaint alleges that, at the time Powell hired Mr. Harris, Powell knew or should have discovered by reasonable investigation that Mr. Harris had "certain propensities" which made it foreseeable that Mr. Harris posed a threat of injury to others' person or property. [*Id.* at ¶ 24.]

Based on these facts, Plaintiff's Amended Complaint alleges theories of recovery against Powell for *respondeat superior* and negligent hiring. Powell moved to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b). Plaintiff filed a Response to which Powell filed a Reply. The parties orally argued the Motion on November 21, 2011. The Motion is now ripe for adjudication.

A.    **Rule 12(b)(6) Standard**

"The purpose of a motion under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure is to test the sufficiency of the complaint. A trial court considering a motion to dismiss under Rule 12(b)(6) must liberally construe the complaint so as to do substantial justice."

2

*Cantley v. Lincoln County Comm'n*, 221 W.Va. 468, 470, 655 S.E.2d 490, 492 (2007). "Since the preference is to decide cases on their merits, courts presented with a motion to dismiss for failure to state a claim construe the complaint in the light most favorable to the plaintiff, taking all allegations as true." *Sedlock v. Moyle*, 222 W.Va. 547, 550, 668 S.E.2d 176, 179 (2008). Therefore, "[t]he trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)." Syllabus Point 3, *Chapman v. Kane Transfer Co., Inc.*, 160 W.Va. 530, 236 S.E.2d 207 (1977).

B.    **Count One – Respondeat Superior**

In cases involving an allegation of liability by the principal for the tortious acts of his agent, there are two questions: First, whether the alleged agent was, in fact, an agent at the time of the commission of the tort, and secondly, whether the tort was committed within the scope of employment. *Barath v. Performance Trucking*, 424 S.E.2d 602 (W.Va. 1992). "Scope of employment" is a relative term and requires a consideration of surrounding circumstances including the character of the employment, the nature of the wrongful deed, the time and place of its commission and the purpose of the act. *Courtless v. Joliffe*, 507 S.E.2d 136, 140 (W.Va. 1998) citing, *Griffith v. George Transfer & Rigging, Inc.*, 201 S.E.2d 281 (W.Va. 1973).

Construing the Amended Complaint in a light most favorable to Plaintiff for the purposes of a motion to dismiss, the Court assumes that Mr. Harris was an employee of Powell Construction on November 15, 2010, and that the first prong of *Barath* is satisfied.

With respect to the second prong, this Court finds that a construction worker's act of smoking a cigarette in a hotel room at 7:00 p.m., on a day when he did not go to work, after

3

hours and away from the job site, is an act independent of any job-related function and is not, and cannot be, considered to be within the scope his employment. The Amended Complaint does not allege Powell required, directed or requested Mr. Harris to stay at the Aracoma Hotel. The Amended Complaint does not allege that Mr. Harris was on the job at the time of the fire, nor that Mr. Harris was being paid, or working, at the time of the fire. Finally, the Amended Complaint does not allege Mr. Harris's cigarette smoking was in any manner intended to discharge his duties to his employer or to further his employer's interests. Accordingly, the Court finds Mr. Harris's alleged act of smoking a cigarette at the Aracoma Hotel at 7:00 p.m. on November 15, 2010 was outside the scope of employment. As such, the second prong of *Barath v. Performance Trucking*, 424 S.E.2d 602 (W.Va. 1992) is not satisfied, and Plaintiffs cannot prevail under a respondeat superior theory of recovery, and the same is dismissed with prejudice.

## C.    Count two – Negligent Hiring

Plaintiffs Amended Complaint pleads a count for Negligent hiring, which includes the following allegations:

8.  Upon information and belief, Robert Harris was a recovering alcoholic and addict.

9.  Upon information and belief, Robert Harris had a criminal record prior to starting work at Powell.

10. Powell did nothing to investigate Harris' background to determine his fitness for the job.

11. While employed by Powell, Mr. Harris appeared under the influence of a controlled substance on November 14, 2010.

12. Harris' employer required him to stay overnight in Logan, WV while assigned to the Logan project.

13. Powell paid Harris a fifty dollar ($50.00) per day per diem to cover his overnight accommodations, meals, etc...

4

24. At the time of Harris' hiring and while employed by Powell, Powell knew, or should have discovered by way of reasonable investigation, that Harris had certain propensities which made it foreseeable that, because of the circumstances of employment, Harris posed a threat of injury to others' person or property.

Under West Virginia law, the relevant inquiry upon which liability for negligent hiring is determined is:

[W]hen the employee was hired or retained, did the employer conduct a reasonable investigation into the employee's background *vis a vis* the job for which the employee was hired and the possible risk of harm or injury to co-workers or third parties that could result from the conduct of an unfit employee? Should the employer have reasonably foreseen the risk caused by hiring or retaining an unfit person?

*McCormick v. West Virginia Dept. of Public Safety*, 202 W.Va. 189, 503 S.E.2d 502 (1998).

The job for which Mr. Harris was hired was as a laborer in connection with Powell's construction business. [Amended Complaint at ¶ 3, 6.] The risk of which Plaintiff complains is Mr. Harris's dropping of a cigarette after hours and off site, resulting in the burning down of the Aracoma Hotel. [Amended Complaint at ¶ 26.] Powell did not reserve, pay for, or require Mr. Harris to stay at the Aracoma Hotel; nor did Powell regulate and/or exercise any control over Mr. Harris's smoking habits after hours.

The West Virginia Supreme Court of Appeals established parameters of duty in *Sewell v. Gregory*:

The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised. The test is, would the ordinary man in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?

Syl. Pt. 3, *Sewell v. Gregory*, 179 W.Va. 585, 371 S.E.2d 82 (1988).

Mr. Harris's reported history of alcoholism and addiction did not cause the fire, nor does the Amended Complaint so allege. Likewise, there is no allegation or evidence that the fire was

5

a result of any criminal act. Finally, Mr. Harris's background did not make the Aracoma Hotel fire so "likely to result" that Powell would have had a duty to "anticipate" it. See, syl. pt. 3, *Sewell.* Although the employee's tortious conduct need not be within the scope of his or her employment, there must be at least some connection between the injured plaintiff and the employment in order for the employer to owe a duty to the plaintiff. *Evans v. Sanchez Rubio,* 2007 WL 712291 at 2 (citing cases.) This Court adopts Judge Faber's reasoning and analysis in *Evans v. Sanchez Rubio,* 2007 WL 712291, in finding the link between the Aracoma Hotel and Mr. Harris's employment too tenuous and dismissing with prejudice Plaintiff's negligent hiring claim against Powell.

## II.    Order

For the reasons outlined above, Plaintiff has failed to state a claim against Powell for *respondeat superior* and negligent hiring upon which relief can be granted. Accordingly, Powell's Motion to Dismiss Plaintiff's Amended Complaint is granted.

The Clerk is directed to dismiss this matter from the civil docket and is further directed to send a copy of these findings to all counsel of record.

Entered this 4th day of ~~December, 2011.~~ January 2012

Roger L. Perry, Judge

Presented by:

_____
H.F. Salsbery (WVSB #3235)
Carol P. Smith (WVSB #5058)
Frost Brown Todd LLC
Laidley Tower, Suite 401
500 Lee Street, East

A COPY ATTEST

6